IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN DAKOTA APPELT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 6:24-cv-00857-JR

**FINDINGS AND RECOMMENDATION**

**RUSSO, Magistrate Judge**

    Plaintiff, an adult in custody at the Oregon State Correctional Institution, brings this Federal Tort Claims Act action as a self-represented litigant. Currently before the Court are plaintiff's Motion for Default (ECF No. 19) and defendant's Motion to Dismiss (ECF No. 20). For the reasons that follow, plaintiff's Motion for Default should be DENIED and defendant's Motion to Dismiss should be GRANTED.

Page | 1   FINDINGS AND RECOMMENDATION

BACKGROUND

On May 28, 2024, plaintiff filed this action under the Federal Tort Claims Act ("FTCA") alleging intentional use of force on a vulnerable person. Due to a series of unfortunate missteps, service of process on the United States was not completed until February 18, 2025. On April 15, 2025, plaintiff filed a Motion for Default, and on April 21, 2025, defendant filed the Motion to Dismiss.

Plaintiff's Complaint alleges that on October 6, 2020, members of a U.S. Marshals Service ("USMS") task force "pistol-whipped," kicked, stomped on, and punched plaintiff during his arrest in a camping trailer in Florence, Oregon. Complaint, ECF No. 2, pp. 2-8. Plaintiff alleges he suffered serious injuries as a result, to the extent that correctional officers at the Lane County Jail refused plaintiff admittance into the jail without medical clearance. Plaintiff alleges he was transported to a hospital where he was treated and subsequently released to the jail. Plaintiff alleges he suffers from post-traumatic stress disorder as a result of the alleged abuse and seeks money damages. *Id*. With respect to exhaustion of his administrative remedies, plaintiff alleges he has "exhausted his administrative remedies with respect to all claims and all defendants." *Id*. at p. 8.

Defendant moves to dismiss plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Defendant contends plaintiff failed to exhaust his administrative remedies, and that the Complaint was filed after expiration of the two-year statute of limitations.

## DISCUSSION

**I.     Plaintiff's Motion for Default**

Plaintiff contends he is entitled to default because on March 7, 2025, a Return of Service was entered in the Court's record which shows a return of service was executed as to the United States of America on January 30, 2025, and states "answer due on 3/31/2025." Return of Service, ECF No. 15. That docket entry, however, further notes that service was made specifically "upon Local U.S. Attorney." *Id.* A second Return of Service was also entered on March 7, 2025, which shows a return of service was executed on the United States of America on February 18, 2025, specifically upon the "U.S. Attorney General." Return of Service ECF No. 16. The second Return of Service states "answer due on 4/21/2025." *Id.*

Pursuant to Rule 4(i)(1) of the Rules of Federal Procedure, to properly serve process on the United States a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.[.]

Service is not complete until both requirements are met, *i.e.*, service upon both the local United States Attorney and the Attorney General of the United States. *See e.g., McDaniel v. McDonald*, No. 2:15-cv-0003-JAD-GWF, 2015 WL 6119494, at *1 (D. Nev. Oct. 15, 2015) (finding service incomplete where plaintiff had not yet served the Attorney General).

Page | 3   FINDINGS AND RECOMMENDATION

Once service was completed, on February 18, 2025, the defendant had 60 days within which to serve an answer or other responsive pleading. See Fed. R. Civ. P. 12(a)(2). That time elapsed on April 21, 2025, the date upon which defendant filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Accordingly, defendant is not in default and plaintiff's motion for default is denied.

## II.     Defendant's Motion to Dismiss

Defendant moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on the basis that plaintiff failed to exhaust his administrative remedies prior to filing his claim, and that the Complaint was filed after the expiration of the two-year statute of limitations. Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction either on a facial basis or factual basis. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on jurisdiction, the challenger argues that the allegations in the compliant are "insufficient on their face to invoke federal jurisdiction." *Id*. In a factual attack on jurisdiction, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction." *Id*. In ruling on a factual attack, "a district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*.

When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Id*. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Page | 4  FINDINGS AND RECOMMENDATION

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).  The United States may waive sovereign immunity and consent to suit.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "The FTCA, 28 U.S.C. §§ 1346, 2671-80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees."  *Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017).

The FTCA requires claimants to exhaust administrative remedies prior to bringing suit in federal court.  *McNeil v. United States*, 508 U.S. 106, 107 (1993).  A claimant must present a claim for administrative review to the appropriate federal agency within two years after the claim accrues.  28 U.S.C. §§ 2401(b), 2675(a).  To satisfy this requirement, a claimant must submit Standard Form 95 (SF-95), "or other written notification of an incident, accompanied by a claim for money damages in a sum certain."  28 C.F.R. § 14.2(a).  Then, if the agency denies the claim in writing or fails to make a final decision within six months, the claimant may file suit.  28 U.S.C. § 2675(a).  Both the Supreme Court and the Ninth Circuit have strictly interpreted the requirement that the claimant present a claim for administrative review before filing suit.  *McNeil*, 508 U.S. at 113 (holding that the presentment requirement applies with equal force to unrepresented plaintiffs in ordinary civil litigation); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (stating that "the exhaustion requirement [of 28 U.S.C. § 2675(a)] is jurisdictional in nature and must be interpreted strictly").

"[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling."  *United States v. Wong*, 575 U.S. 402, 420 (2015).  Generally, a party who seeks to equitably toll a federal statute of limitations bears the burden to establish: "(1) that [they] ha[ve] been pursuing

[their] rights diligently, and (2) that some extraordinary circumstances stood in [their] way." *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) (applying the equitable tolling doctrine to an FTCA claim). Equitable tolling may also apply "where the party invoking the doctrine 'has been induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass[.]'" *Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir. 2008) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

"[R]easonable diligence . . . requires the effort that a reasonable person might be expected to deliver under [their] particular circumstances." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). But "[t]he doctrine is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Redlin*, 921 F.3d at 1140. Indeed, a party who seeks equitable tolling must also show that "extraordinary circumstances were the cause of [their] untimeliness and made it impossible to file the document on time." *Kwai Fun Wong*, 732 F.3d at 1052 (cleaned up). "Accordingly, [e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Id*.

Equitably tolling a federal statutory limitations period "is a high bar" and "will be unavailable in most cases." *Quick Korner Market v. U.S. Dep't of Agriculture, Food and Nutrition Svc.*, 180 F. Supp. 3d 683, 692 (S.D. Cal. 2016) (internal quotation marks and citation omitted); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir 2002) ((""[T]he threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule.")); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's

delay are both extraordinary and beyond its control.") (emphasis in original).  "Lack of information is not an extraordinary circumstance."  *Giustina Land & Timber Co., LLC v. Eugene Water & Electric Goard*, No. 6:24-cv-01152-AA, 2025 WL 1248906, at *7 (D. Or. April 30, 2025).

In his response to defendant's motion to dismiss, plaintiff admits he never submitted an administrative claim.  Plaintiff contends, however, that he needed to obtain records from the USMS pursuant to a Freedom of Information Act ("FOIA") request and that the USMS did not produce the documents until well after the time to file his complaint had passed, and that the USMS "intentionally" delayed producing the documents to cause him to miss the deadline.  Plaintiff further argues his pursuit of his FOIA claims at the administrative level and through a civil action in this Court was sufficient to notify the USMS of his intent to file a tort claim.  Finally, plaintiff asserts that he was not aware of the necessity to submit an SF-95 administrative claim and that the form was not available to him at any of his places of incarceration.[1]

While a tort claim may be initiated by the filing of an SF-95 with the agency in question, submission of the specific form is not a prerequisite; as noted above, the law provides that a claimant may submit an SF-95 form "or other written notification of an incident, accompanied by a claim for money damages in a sum certain."  The administrative claim required to proceed with an action under the FTCA must include:  "(1) a written statement sufficiently describing the

---

[1] Plaintiff also filed a separate Motion to Include Supplemental Authorities (ECF No. 30), which the Court granted by minute order.  Plaintiff asks the Court to consider the application of the Supreme Court's recent decision in *Perttu v. Richards*, 145 S. Ct. 1793 (2025).  *Perttu*, however, involved the exhaustion of remedies under the Prison Litigation Reform Act in a situation where the facts of exhaustion were intertwined with the underlying constitutional claims, such that a jury trial on the exhaustion issue was warranted.  *Id*. at 469. This case, however, does not involve the intertwinement as contemplated by *Perttu*.

Page | 7  FINDINGS AND RECOMMENDATION

injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). Here, the records sought by plaintiff from the USMS were not needed for him to submit his administrative claim. Plaintiff was personally aware of the facts and circumstances of his injuries at the hands of USMS employees during his arrest on the date it occurred, and he knew enough at that time to submit an administrative claim. *See Sarafian v. United States*, No. CV14-2777 DDP (KES), 2015 WL 6125430, at *3 n.3 (C.D. Cal. Aug. 21, 2015) (fact that plaintiff pursued FOIA lawsuit to learn identities of BOP officials allegedly responsible for plaintiff's injuries was not sufficient basis to invoke equitable tolling; this was not a case where the plaintiff was "unable to obtain vital information bearing on the existence of the claim"); *Torjagbo v. United States*, 285 Fed. App'x 615 (11th Cir. 2008) (rejecting equitable tolling claim in FTCA case where administrative claim was untimely filed by a plaintiff-pilot who claimed he needed a transcript of a conversation with air traffic controllers; court concluded that, "as a party to the conversation," plaintiff "knew what he said and what air traffic controllers relayed back to him" and "no additional evidence was needed to raise a claim").

Moreover, the fact that plaintiff pursued his FOIA requests with the USMS was not sufficient to satisfy the administrative claim requirements of the FTCA. Plaintiff's decision to focus on collecting evidence instead of enforcing his rights under the FTCA does not demonstrate the reasonable diligence required to establish equitable tolling. *See Ngo v. Transp. Sec. Admin.*, No. 16-cv-00481-HRL, 2016 WL 3257787, at *5 (N.D. Cal. June 14, 2016) (rejecting equitable tolling claim by plaintiff in FTCA case where plaintiff argued his attempts to obtain a copy of an incident report were tantamount to exhaustion of administrative remedies; the

court held that a "request for information is not a tort claim" or even "a minimal justification for failing to timely file administrative claims").

Plaintiff's argument that the USMS's failure to timely turn over materials responsive to plaintiff's FOIA request supports a claim for equitable tolling also lacks merit. In connection with plaintiff's federal FOIA action in this Court, on June 28, 2023, plaintiff signed a Stipulation and Order of Settlement and Dismissal with Prejudice acknowledging that the USMS produced records which fully resolved plaintiff's FOIA request. *Appelt v. United States Department of Justice*, Case No. 6:22-cv-00332-SI, Notice of Settlement, ECF No. 13. In a Motion to Stay filed earlier in that action, the government submitted evidence that the documents responsive to plaintiff's FOIA request were sent to plaintiff by certified mail on September 27, 2022. *Id*. at ECF No. 15. Notwithstanding his receipt of the documents, plaintiff did not file any administrative claim and instead initiated this action on May 28, 2024.

Finally, plaintiff's position that he was unaware of the existence of the SF-95 form or otherwise of the need to file an administrative claim is unavailing. *Pro se* status or incarceration, by themselves, do not warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (rejecting argument that *pro se* status or ignorance of the law justifies equitable tolling of the FTCA's time bar).

For these reasons, plaintiff has not satisfied the very high threshold necessary to trigger equitable tolling. Accordingly, defendant's Motion to Dismiss is granted.

Page | 9  FINDINGS AND RECOMMENDATION

## CONCLUSION

For these reasons, the Court should DENY plaintiff's Motion for Default (ECF No. 19), GRANT defendant's Motion to Dismiss (ECF No. 20), and enter a judgment of DISMISSAL.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have until fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute waiver of a party's right to appellate review of the findings of fact in an order judgment entered pursuant to this recommendation.

DATED this __7th__ day of January 2026.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge